Filed 4/20/15  Certified for publication 5/19/15 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re RICHARD SENA,<br><br>    on Habeas Corpus. | H040564<br>(Santa Clara County<br> Super. Ct. No. 149169) |

The Governor appeals from the Santa Clara County Superior Court's January 13, 2014 order granting prisoner Richard Sena's petition for writ of habeas corpus and directing Sena's release on parole.  As set forth below, we will reverse the superior court's order.

## FACTUAL AND PROCEDURAL HISTORY

On March 13, 1992, Sena was convicted of second degree murder.  He is currently serving a sentence of 16 years to life for that crime.

On November 29, 2011, the Board of Parole Hearings (hereafter "the Board") granted Sena parole.  The Governor reversed the Board's decision on April 26, 2012.

In a written order issued on September 18, 2012, the superior court reversed the Governor's decision, finding that the Governor's decision was not supported by some evidence.  The order directed that Sena "be released per the terms of his parole within 5 days."

On October 3, 2012, while still incarcerated, Sena exposed his penis to a female correctional officer and masturbated in front of her.  As a result of his conduct, Sena was the subject of a rules violation report.

Also on October 3, 2012, the Governor informed the Board that he would not appeal the superior court's September 18, 2012 order. That same day, apparently unaware of Sena's alleged rules violation, the Board issued a miscellaneous decision reinstating the November 29, 2011 parole grant.

At a hearing held on November 9, 2012, Sena was found guilty of the rules violation. At a rescission hearing on November 21, 2012, the Board found Sena to be unsuitable for parole, and it rescinded Sena's parole grant. At the rescission hearing, the Board cited Sena's October 3, 2012 rules violation as evidence that Sena posed a danger to society if released from prison.

On November 14, 2013, Sena filed a petition for writ of habeas corpus challenging the Board's rescission of his parole grant. In the petition, Sena argued that the superior court's September 18, 2012 order required his release from prison on September 23, 2012, and that the Board lacked authority to rescind his parole grant based on prison misconduct that occurred after September 23, 2012.

In a written order issued on January 13, 2014, the superior court granted Sena's petition for writ of habeas corpus and directed that Sena "be released on parole within 48 hours of the Attorney General's receipt" of the order. The superior court explained that its September 18, 2012 order required Sena's release from prison on September 23, 2012, that Sena was "illegally confined" after September 23, 2012, and that the Board could not rescind Sena's parole grant based on prison misconduct that occurred after September 23, 2012. The superior court emphasized: "[T]his Court's order that [Sena] be released on September 23, 2012 was binding and [the Board's] failure to comply is not excused."

2

The Governor appeals from the January 13, 2014 order.[1] We now turn to the merits of the appeal.[2]

## DISCUSSION

The Governor urges us to reverse the superior court's January 13, 2014 order. Among other arguments, the Governor asserts that the January 13, 2014 order was erroneous because the order it was predicated upon—the September 18, 2012 order mandating Sena's immediate release from prison—provided relief that "the law declares shall not be given."

As explained below, we conclude that the September 18, 2012 order improperly directed Sena's release from prison on September 23, 2012. Given that the January 13, 2014 order was premised on the faulty notion that Sena had an absolute entitlement to release on September 23, 2012, we must reverse the January 13, 2014 order.

### Standard of Review

The parties agree that this appeal presents a question of law. We apply the de novo standard of review to questions of law. (*In re Collins* (2001) 86 Cal.App.4th 1176, 1181.)

---

[1] This court issued a writ of supersedeas, staying enforcement of the January 13, 2014 order until final determination of this appeal.

[2] On July 28, 2014, Sena filed a "Motion to Strike Part of Appellant's Reply Brief or Alternatively Motion for Leave to File Supplemental Brief." Sena lodged a supplemental brief with his motion. On August 27, 2014, we ordered that the ruling on Sena's motion would be deferred for consideration with the merits of the appeal. We now deny Sena's request to strike portions of the reply brief and grant Sena's request to file his supplemental brief.

### *We Must Reverse the January 13, 2014 Order*

" 'The power to grant and revoke parole is vested in the Department of Corrections, not the courts.' " (*In re Prather* (2010) 50 Cal.4th 238, 254.) The decision to release a prisoner on parole is "expressly committed to the executive branch. . . . . It is not a judicial decision." (*In re Morrall* (2002) 102 Cal.App.4th 280, 287.)

"[W]hen a court determines that a gubernatorial reversal of a parole decision is unsupported, the remedy is not an order for the inmate's immediate release; rather, the court vacates the Governor's reversal, reinstates the Board's grant of parole, and directs the Board to conduct its usual proceedings for a release on parole. This allows the Board to account for any recent developments reflecting on the inmate's suitability for parole, and to rescind its grant if appropriate." (*In re Lira* (2014) 58 Cal.4th 573, 582 (*Lira*); see also *In re Twinn* (2010) 190 Cal.App.4th 447, 473-474 (*Twinn*) [when a court sets aside the Governor's reversal of the Board's parole suitability determination, the court does not order the prisoner released from prison; the appropriate remedy is to direct the Board to conduct release proceedings, a procedure that allows the Board to consider the prisoner's current suitability for parole and to rescind parole if appropriate]; *In re Copley* (2011) 196 Cal.App.4th 427, 435-437 (*Copley*) [same].)

On September 18, 2012, the superior court determined that the Governor's reversal of Sena's parole grant was not supported by some evidence. As a remedy, the September 18, 2012 order directed that Sena be released on parole "within 5 days." This remedy, immediate release from prison without directions to the Board to conduct appropriate proceedings, was improper. (See *Lira, supra,* 58 Cal.4th at p. 582; *Twinn, supra,* 190 Cal.App.4th at pp. 473-474; *Copley, supra,* 196 Cal.App.4th at pp. 435-437.) Thus, the premise of the superior court's January 13, 2014 order—that Sena was entitled to release on September 23, 2012 and could not be penalized for prison misconduct occurring after that date—was faulty. Given that the January 13, 2014 order was based

4

solely on the superior court's erroneous conclusion that Sena had an absolute entitlement to release on September 23, 2012, the January 13, 2014 order cannot stand.

Indeed, the January 13, 2014 order was antithetical to public safety and contravened the Board's power to rescind a parole grant. Public safety is the paramount consideration in parole decisions. (*In re Shaputis* (2008) 44 Cal.4th 1241, 1254; *In re Lawrence* (2008) 44 Cal.4th 1181, 1210.) Thus, "[e]ven after parole is granted, the Board is authorized to rescind the grant of parole, if unexecuted, for good cause." (*In re Caswell* (2001) 92 Cal.App.4th 1017, 1026; see also *Lira, supra,* 58 Cal.4th at p. 582 [the Board is authorized to rescind a grant of parole if recent developments demonstrate a prisoner's unsuitability for parole].) Good cause exists "where the prisoner has engaged in disciplinary misconduct subsequent to the parole grant." (*Copley, supra,* 196 Cal.App.4th at p. 437.) The superior court's January 13, 2014 order completely disregarded the Board's determination that, notwithstanding the previous unexecuted grant of parole, Sena's misconduct on October 3, 2012 evidenced his current dangerousness and unsuitability for parole. The superior court's failure to appreciate the Board's determination regarding Sena's current dangerousness was misguided and rendered the January 13, 2014 order improper.

Accordingly, for the foregoing reasons, we conclude that the January 13, 2014 order cannot stand. We reverse that order.

### DISPOSITION

The January 13, 2014 order granting Sena's petition for writ of habeas corpus is

5

reversed. The matter is remanded to the superior court with directions to vacate that order and enter a new order denying Sena's petition for writ of habeas corpus.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.

6

Filed 5/19/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re RICHARD SENA,<br><br>     on Habeas Corpus. | H040564<br>(Santa Clara County<br> Super. Ct. No. 149169) |

THE COURT:

The opinion in the above-entitled matter filed on April 20, 2015, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports, and it is so ordered.  Pursuant to California Rules of Court, rule 8.1105(b) and (c), this opinion is certified for publication.

_____
                              RUSHING, P.J.

_____
PREMO, J.

_____
ELIA, J.

Trial Court:

Superior Court No.: 149169

Trial Judge:

The Honorable Linda R. Clark

Attorneys for Petitioner
Richard Sena:

Jonathan Grossman
under appointment by the Court of
Appeal for Appellant

Attorneys for Respondent
The People:

Kamala D. Harris,
Attorney General

Jennifer A. Neill,
Senior Assistant Attorney General

Sara J. Romano,
Supervising Deputy Attorney General

Phillip J. Lindsay,
Supervising Deputy Attorney General

Kathleen R. Walton,
Deputy Attorney General